Rotan *et al. v.* Stoeber.

---

No. 8903.

ROTAN ET AL. *v.* STOEBER.

PRACTICE.—*Evidence.*—*Exception.*—An objection to the admission of evidence must be stated and an exception reserved in the trial court, to present the question of its admissibility in the Supreme Court.

SAME.—*Promissory Note.*—*Non Est Factum.*—In an action upon a promissory note, where the defendant pleads *non est factum, prima facie* evidence of the execution of the note entitles it to be read in evidence.

VOL. 81.—10

Dutch *et al. v.* Boyd, Cashier.

SAME.—*Witness.—Hearsay.*—Where, on cross-examination of a witness, it appears that all he knew about what he had testified was hearsay, it is proper for the court, on motion, to strike out his testimony.

From the Union Circuit Court.

*T. D. Evans,* for appellants.

*B. Burke,* for appellee.

ELLIOTT, C. J.—The questions requiring consideration arise upon the ruling refusing a new trial.

It is complained by appellants that the court erred in permitting the appellee to give certain testimony in reply to that introduced by them; but this complaint is unavailing for the reason that no objection was stated, nor any exception reserved, to the admission of the evidence.

There was no error in admitting the note sued upon in evidence although the appellants had pleaded *non est factum.* The evidence made at least a *prima facie* case for the appellee, and this entitled her to read the note to the jury.

Appellants produced a witness who testified, and this as the record shows was all that he did testify, in chief, that "Daniel T. Eckard signed John Rotan's name to that note." On cross-examination it appeared that all the witness knew about the matter was what Eckard had told him; whereupon the appellee moved to strike out all of his testimony and the motion was sustained. This was right. The testimony was mere hearsay and was plainly incompetent.

Judgment affirmed.